Perry D. JENKINS, Annabelle Jenkins, and Stuart A. Kaneko as Special Administrator of the Estate of Jeffrey Scott Jenkins, Deceased, Plaintiffs,

v.

WHITTAKER CORPORATION, dba Bermite Corporation, a Division of Whittaker Corporation, a California Corporation, Defendant.

Perry D. JENKINS, Annabelle Jenkins, and Stuart A. Kaneko as Special Administrator of the Estate of Jeffrey Scott Jenkins, Deceased, Plaintiffs,

v.

WHITTAKER CORPORATION, dba Bermite Corporation, a Division of Whittaker Corporation, a California Corporation, John Does 1–10, Doe Corporations 1–10, and Doe Partnerships 1–10, Defendants.

Civ. Nos. 80–0195, 80–0263.

United States District Court,
D. Hawaii.

Aug. 23, 1982.

Paul F. Cronin, John D. Thomas, Jr., Honolulu, Hawaii, for plaintiffs.

Burnham H. Greeley, Susan P. Walker, Honolulu, Hawaii, Ronald M. Greenberg, Marianne Goodwin, Los Angeles, Cal., for defendants.

## AMENDED RULING IN LIMINE RE CHOICE OF LAW

SAMUEL P. KING, Chief Judge.

The parties have requested the Court to make a ruling *in limine* regarding the choice of law in this wrongful death action. The essential facts are that the plaintiffs' decedent was killed in an explosion at the United States Army's Pohakuloa Training Range on the Island of Hawaii on May 11, 1978. The decedent, Jeffrey Scott Jenkins, was a serviceman involved in a military training exercise when an atomic explosion simulator manufactured by defendant Whittaker Corporation ("Whittaker") allegedly malfunctioned, exploded unexpectedly and killed him.

The choice of law question arises from the fact that the decedent's parents, plaintiffs in this suit, are citizens of Indiana, while the defendant is a "citizen" of California, and the allegedly defective device was manufactured and purchased in California. Plaintiffs assert that Hawaii law governs this suit, but the defendant urges the Court to apply either Indiana or California law, principally the latter.

Beyond peradventure, a federal court exercising its diversity jurisdiction must apply the choice of law rules of the state in which it sits. *E.g., Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The choice of law in the instant case, therefore, is governed by the only Hawaii case that has adopted choice of law rules, *Peters v. Peters*, 63 Hawaii 653 (1981).

*Peters* was a tort suit in which the choice of law question was whether to apply the inter-spousal tort immunity laws of Hawaii, where the injury occurred, or those of New York, where the parties were residents. Although the facts of *Peters* bear little relevant resemblance to those in this case, the choice of law principles articulated by the state supreme court nevertheless provide adequate guidance here.

After an extensive discussion of the evolution of choice of law rules in general, the court concluded that: "The preferred analysis, in our opinion, would be an assessment of the interests and policy factors involved with a purpose of arriving at a desirable result in each situation." *Id.* 664. Of particular importance here, the court, in deciding to apply Hawaii law, found that: "Our visitors [to the State of Hawaii] are domiciled throughout the United States and in many foreign countries, and a reliance on the law of domicile to determine the viability of interspousal actions would neither provide predictability of result nor simplify the judicial task." *Id.* 666. Furthermore, the court placed considerable importance on the effect its decision would have on the citizens of Hawaii in general.

Applying the generalized concerns evinced by the Hawaii Supreme Court in its choice of law decision, I find that Hawaii law is the appropriate law to apply in the present case. First, it significantly simplifies the judicial task to apply Hawaii law. Second, because so great a portion of Hawaii's population is military, many of whom are legal residents of many different states and many of whom are subject by vocation to the risk of injury, it would provide significant predictability of result to apply the law of Hawaii to product liability actions arising from injury to military personnel in this state.

Finally, and perhaps most importantly, Hawaii has a distinct interest in having its laws applied in cases such as this in order to give its citizens the level of protection the state deems appropriate. I am unconvinced by the defendant's argument that the decedent was injured on U. S. Government property and therefore not "in" Hawaii at all. I find this too technical and constricted an approach. Whenever defective products are imported into this state, whether by civilians or by the military, Hawaii's citizens are placed in potential danger. It is not unreasonable, therefore, to expect the manufacturers of such products to face the liabilities imposed by the State of Hawaii. That a defective product happens to harm a non-resident rather than a resident should neither alter the result nor constitute a fortuity for the tortfeasor.

Accordingly, IT IS HEREBY ORDERED that, unless otherwise ordered by the Court, the substantive law of the State of Hawaii shall control in this lawsuit.